[Civ. No. 6771. First Appellate District, Division One.—July 22, 1929.]

B. A. SOBERANES, Appellant, v. MANUEL D. ESPINOSA, as Administrator, etc., Respondent.

Z. B. Stuart and Charles P. Johnson for Appellant.

Charles B. Rosendale and Edson G. Thomas for Respondent.

KNIGHT, J.—The plaintiff, B. A. Soberanes, appeals from an adverse judgment in an action to recover on a rejected claim presented by him against the estate of Salvador Espinosa, deceased, for compensation alleged to be due him as trustee of an express trust created by the decedent about nine years prior to his death. Respondent contended before the trial court, as here, that the trust estate and not the estate of the decedent was responsible for the payment of any such compensation; and we are of the opinion that this contention must be sustained.

It appears that the decedent was the owner of an undivided one-eighth interest in a large acreage of land in Monterey County, and on April 12, 1917, by an instrument in writing, created a trust as to an undivided two-thirds of his undivided one-eighth interest in said lands, allotting to each of the beneficiaries therein named a definite number of acres. The trust instrument appointed Z. B. Stuart trustee with power to name his successor in the event he relinquished his trust, and provided that the trustee's compensation should be fixed on a percentage basis calculated on the value of the trust property handled by him. The remaining one-third of the decedent's one-eighth interest in the larger tract was retained by him for his own use and benefit. Subsequent to the creation of the trust the decedent was declared incompetent by the Superior Court in and for Monterey County, and George S. Gould was appointed guardian of his person and estate. Thereafter, and on April 25, 1919, Stuart relinquished his trusteeship

and plaintiff claims that he was appointed by Stuart to succeed him. In the meantime an action was commenced to partition the lands in which the decedent owned an undivided one-eighth interest, and included as parties defendants therein were Stuart, Soberanes, the plaintiff herein, Gould as guardian, all of Espinosa's co-owners in the larger tract of land, and all of the beneficiaries named in Espinosa's declaration of trust. On March 8, 1924, an interlocutory decree was entered which, besides directing that all of said lands be partitioned in conformity with the proportionate interests of the respective parties as the same were established by said decree, adjudged that certain provisions of the Espinosa trust be reformed, particularly with reference to the number of acres of land the trustor attempted to include therein. It was further decreed that Soberanes never was appointed trustee of said trust estate, and consequently Gould was appointed to such trusteeship with directions to convey the trust property to the beneficiaries as set forth in said decree, upon the death of Espinosa. On January 7, 1926, a final decree was entered in said action, which, among other things, set apart in severalty to Gould as trustee and to Espinosa individually their respective two-thirds and one-third shares in and to one-eighth of the larger tract of land. On May 5, 1926, Espinosa died, and respondent herein was appointed administrator of his estate; and shortly thereafter Gould as trustee, in conformity with the directions contained in said decree in partition, conveyed to the beneficiaries of the trust estate the interests to which they were entitled, and as guardian transferred or surrendered the remainder of Espinosa's one-eighth interest to the administrator of Espinosa's estate.

Appellant concedes it to be the law that "the trustee must follow or look to the trust property for his compensation," but he asserts that in the present case Gould, "without any authority whatsoever, intermingled the funds and the real property of Espinosa's general estate with the trust estate," and that subsequently the administrator of Espinosa's estate, "with the assistance and advice" of Gould, intermingled the trust property with "the general estate in probate" so that there was "no property, real or personal, left in the trust estate whereby plaintiff and appellant could enforce his claim for his compensation against

the property of the trust . . . ''; and that therefore he ''was forced to file his claim against the general estate of Salvador Espinosa, deceased . . . '' But appellant has not pointed out, nor have we been able to find any evidence whatever to substantiate his assertion, that the property of the two estates was so intermingled, or that any part of the trust property was transferred to or included within the assets of the estate of Espinosa. It is true that the total number of acres conveyed by Gould to the beneficiaries was less than was called for in said trust instrument, but this is readily accounted for by the fact, as found in the partition proceeding, that Espinosa had mistakenly included in the trust estate 212.18 acres more than he owned; and this mistake was corrected by the decree in partition, which became final and conclusive in the absence of an appeal therefrom.

Appellant's further contention that respondent's answer admits the estate's liability for the payment to the trustee's fees is also without merit, it being apparent that the denials set forth in the answer are legally sufficient to raise that issue. The objection appellant urges against the validity of the findings and decree in the partition proceeding whereunder his purported appointment as trustee was declared of no effect and Gould was appointed as trustee, is not the proper subject of consideration here, because it constitutes a collateral attack upon a proceeding which in the absence of an appeal became final and conclusive; and even though it be held that the action of the court in the respect above mentioned was erroneous, the situation with reference to the source of payment of the fees appellant claims to be due him as trustee would not be altered thereby.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.